UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TROY CLAUSEN, on behalf of himself
And all others similarly situated,

    Plaintiff,

v.                            Case No. 14-CV-1151

CAWLEY & BERGMANN, LLP, and
CALVARY PORTFOLIO SERVICES, LLC,

    Defendant.

## ORDER

On August 21, 2015, plaintiff Troy Clausen filed a renewed motion to certify class. (ECF No. 42.) Defendants Cawley & Bergmann, LLP and Calvary Portfolio Services, LLC, filed a brief opposing the class definition. (ECF No. 55.) Clausen now moves to withdraw his renewed motion for class certification. (ECF No. 56.) He appears to concede that the defendants raise at least a colorable argument that he, as the named

plaintiff, does not fit within the class definition that he proposed.[1] The defendants oppose allowing Clausen to withdraw his motion for class certification. (ECF No. 57.) They assert that Clausen should not be allowed a "do over" to redefine the class and submit an amended pleading.

The court does not understand Clausen to be seeking a "do over" because he made a mistake in defining the class. Rather, the defendants' response to Clausen's motion for class certification alerted Clausen to an issue relating to the defendants' interpretation of Clausen's proposed class definition and, relatedly, to defendants' interpretation of one of Clausen's discovery requests related to numerosity—issues that were not apparent to him previously. Rather than try to resolve those issues in the context of the pending motion for class certification, Clausen believes that the better approach is to withdraw his motion for class certification to give the parties the opportunity to attempt to work out their disagreement.

The court agrees. In the event the parties are unable to resolve their disagreement over the defendants' interpretation of Clausen's numerosity discovery request, relief can be sought from the court. After that issue has been resolved, Clausen can file a new motion for class certification.

---

[1] In Clausen's motion, he purports to quote *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 750 (7th Cir. 2005), for the proposition that a "district court has the authority to modify a class definition at different stages in litigation." (ECF No. 56 at 2.) As the defendant's correctly point out, *Schorsch* does not contain this quote or any variation. The court will give counsel for Clausen the benefit of the doubt and presume the error was unintentional. However, in the future, Clausen and his counsel should be more prudent in citing legal authority.

2

**IT IS THEREFORE ORDERED** that the plaintiff's Motion to Withdraw Motion for Class Certification (ECF No. 56) is **granted**.

Dated at Milwaukee, Wisconsin this 4th day of November, 2015.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge

3
Case 2:14-cv-01151-WED   Filed 11/04/15   Page 3 of 3   Document 58